David L. Mazaroli
Attorney for Plaintiff
250 Park Ave. – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

------------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF　　：　　ECF CASE
NORTH AMERICA,
　　　　　　　　　　　　　　　　　　　：
　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　：
　　- against –　　　　　　　　　　　　　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　：

ALL-WAYS FORWARDING INT'L INC.,　　：

　　　　　　Defendant.　　　　　　　　　：

------------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against the Defendant upon information and belief:

**FIRST CAUSE OF ACTION**

**(Breach of Contract and of Duties Under COGSA, 46 U.S.C. § 30701)**

1.　This action includes admiralty or maritime claims within the meaning of Fed. R. Civ. P. Rule 9(h) and arises from damage to cargo which moved under a multimodal through bill of lading which included substantial ocean carriage.

2.　Alternatively the Court has federal question, diversity, and/or supplemental jurisdiction. The citizenship of the parties is diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.   Plaintiff seeks recovery for cargo damage caused by Defendant's breaches of contract and torts.

4.   Plaintiff Indemnity Insurance Company of North America ("IINA" or "Plaintiff") is a Pennsylvania corporation with its principal place of business at Philadelphia, and sues herein as subrogee and assignee of Twin Med, LLC who was at all material times the purchaser, owner, and consignee of the shipment, the holder of the bill of lading, and a Merchant as defined therein.[1]

5.   IINA also sues as assignee of Clean Safety Inc., the named consignee on the bill of lading.

6.   Defendant All-Ways Forwarding Int'l Inc. ("All-Ways" or "Defendant") is believed to be a New Jersey corporation with its principal place of business in Elizabeth, NJ.

7.   Defendant's tariff on file with the Federal Maritime Commission and bill of lading terms include the following provisions in relevant part:

- "'Carrier' means **All-Ways Forwarding Int'l Inc.**, acting as a non-vessel operating common carrier, as defined under the Shipping Act of 1984, 46 App. U.S.C. § 40102 (16)."

- "Any claim or dispute arising under this Bill of Lading shall be determined exclusively according to the laws of the United States and Merchant agrees that any suits against the Carrier shall be brought in the

---

[1] The Subrogation Receipt executed on behalf of Twin Med, LLC states *inter alia* that "all of the rights, claims and interest….against any person or corporation liable for the loss" are subrogated to IINA and that the "deductible interest of $5,000.00 is also assigned to said company."

United States District Court for the Southern District of New York, which shall have exclusive jurisdiction."

- "…the Carrier shall be discharged from any liability unless suit is brought in the United States District Court for the Southern District of New York within twelve (12) months after delivery of the Goods, or the date when the Goods should have been delivered…"

8. By virtue of the Southern District of New York forum selection clauses venue is proper and this Court has jurisdiction over All-Ways who conducts business as a common carrier of cargo for hire and as a provider of services related thereto on a worldwide basis, including with respect to shipments to, from, and through the Port of New York, and/or on behalf of business entities domiciled in New York.

9. All-Ways held itself out to be a non-vessel operating common carrier and was the principal on an Ocean Transportation Intermediary Bond on file with the Federal Maritime Commission.

10. All-Ways' duties included those of a common carrier in accordance with the Carriage of Goods by Sea Act ("COGSA") § 4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701.

11. This action involves damage, including wetting and related damage, to part of a shipment of vinyl gloves in 3,300 cartons transported in carrier-provided container TCNU7412999 which moved from Shanghai, China, to Columbus, Ohio, by way of Los Angeles aboard the M/V "HYUNDAI COURAGE" Voyage 091E, and as described more fully in All-Ways bill of lading SES20070979 dated September 10, 2020 (hereinafter "the Shipment").

12.     In consideration for specified fees and charges All-Ways, who was aware of the nature of the cargo, contracted to carry the Shipment from the place of receipt at or near Shanghai to the place of delivery at or near Columbus, OH, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipment.

13.     The Shipment was in good order and condition when it was tendered in breakbulk and uncontainerized form to All-Ways, or entities acting on its behalf, at or near Shanghai, China.

14.     All-Ways, or entities acting on its behalf, loaded and stowed the Shipment in the aforementioned container at or near the place of receipt in China and a clean bill of lading was issued on or about September 10, 2020.

15.     At the time of delivery in the United States, the Shipment was in damaged condition and there was evidence that water had entered into the container during Defendant's period of responsibility.

16.     The damage to the Shipment included wetting damage caused by the ingress and presence of water into container TCNU7412999.

17.     Said damage rendered part of the Shipment unfit for intended distribution, sale and/or end-use.

18.     The aforesaid damage was caused by Defendant's breaches of contract and its duties under COGSA and the general maritime law as well as Defendant's negligent failure to properly load, containerize, stow, carry, protect, ventilate, store, care for and deliver the Shipment and the unseaworthiness of the carrying vessel and container.

19. Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $104,094.31, which includes the deductible interest assigned by Twin Med, LLC, plus survey fees of $2,936.60, no part of which has been paid although duly damaged.

20. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

**(Breach of Warranties and Nondelegable Cargoworthiness Duties)**

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 of this complaint.

22. The carrying vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry cargo in truck-size intermodal containers which serve as extensions of the holds of the vessel.

23. Defendant's statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the cargo which Defendant contracted to transport.

24. For the Shipment Defendant provided a container which was part of its (or a subcontractor's) fleet of rented, leased, or owned containers.

25. Defendant, or subcontractor entities acting on its behalf, was at all material times responsible for the maintenance, upkeep and repair of the subject container.

26. Defendant, or entities acting on its behalf, was also responsible for the pre-trip receipt, inspection and preparation of the container in addition to the loading and stowage of the Shipment inside the container.

27. The aforementioned container provided by or on behalf of Defendant was neither cargoworthy nor seaworthy and was not fit to carry the Shipment on the specified route and voyage and because it was structurally unsound, inadequately maintained, and improperly ventilated and failed to protect the cargo carried therein from exposure to moisture, mold and wetting during the period of Defendant's responsibility.

28. During the period of Defendant's responsibility, the Shipment was exposed to wetting and related damage.

29. This wetting, and the resulting development of mold, odors and other adverse conditions, caused damage to the Shipment and rendered it unfit for intended distribution, sale, and usage.

30. The claimed damage was caused in whole or in part by the unseaworthy and uncargoworthy condition of the subject ocean shipping container provided by or on behalf of Defendant and/or due to mishandling of said containers by Defendant, or entities acting on its behalf, during the subject multimodal transportation.

31. Accordingly, Defendant is liable to Plaintiff as a result of the breaches of its nondelegable duties and breaches of warranties with respect to the subject ocean shipping container.

32. As proximate result of the foregoing Plaintiff and those on whose behalf it sues has sustained damages in the amount of $104,094.31 plus survey fees of $2,936.60, no part of which has been paid although duly demanded.

## THIRD CAUSE OF ACTION

### (False Bill of Lading)

33. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 of this complaint.

34. Defendant issued a false bill of lading and thereby committed a fundamental breach of the carriage contract.

35. Defendant's bill of lading falsely represented that the Shipment was "CY to CY" and "Shipper Load and Count."

36. As a result of the false bill of lading any defenses alleged by All-Ways are null, void and of no effect.

37. Plaintiff and those on whose behalf it sues has sustained damages in the amount of $104,094.31 plus survey fees of $2,936.60, no part of which has been paid although duly demanded.

.WHEREFORE, Plaintiff Indemnity Insurance Company of North America demands judgment against Defendant All-Ways Forwarding Int'l Inc., in the amount of $107,030.91 plus prejudgment interest and the costs of this action. Plaintiff seeks such other and further relief as this Honorable Court deems just and proper.

Dated:  August 20, 2021

 LAW OFFICE,
 DAVID L. MAZAROLI

 *s/David L. Mazaroli*
 _____
 David L. Mazaroli
 Attorney for Plaintiff
 250 Park Ave. – 7th Floor
 New York, New York 10177
 Tel.: (212)267-8480 Fax.: (212)732-7352
 E-mail: *dlm@mazarolilaw.com*